NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0143n.06
Filed: February 24, 2006

No. 04-2180

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

DARIN FOWLER,

      **Plaintiff-Appellant,**

v.

UNITED AUTOMOBILE WORKERS
OF AMERICA,

      **Defendant-Appellee.**

_____

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

**OPINION**

**Before: NORRIS and BATCHELDER, Circuit Judges; and RICE,[*] Senior District Judge.**

**PER CURIAM.**

From October 25, 1993, until May 20, 1999, Appellant Darin Fowler ("Fowler") was employed by A.G. Simpson Automotive Systems ("A.G. Simpson") at its Sterling Heights, Michigan, manufacturing facility. Fowler's employment was governed by a

_____

[*]The Honorable Walter H. Rice, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

collective bargaining agreement between Local 417 of the United Automobile, Aerospace and Agricultural Implement Workers of America ("Local 417") and A.G. Simpson, as well as by rules and regulations adopted by the latter.

On May 20, 1999, A.G. Simpson fired Fowler for excessive absenteeism, because he had been absent from work on May 10th and 11th, absences which A.G. Simpson concluded were unexcused. The following day, May 21st, Local 417 initiated grievance proceedings, contending that A.G. Simpson had breached the applicable collective bargaining agreement and the rules and regulations by discharging Fowler. On April 4, 2000, before that grievance could proceed to arbitration, it was withdrawn by Dan McCarthy, President of Local 417, and Ernie Emery, the representative of the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") for Region 1. Fowler then took advantage of the internal union process to appeal the withdrawal of the grievance on his behalf. On May 22, 2001, the Convention Appeals Committee of the UAW directed the UAW and Local 417 to attempt to reinstate Fowler's grievance. The grievance was reinstated, and the matter was submitted to an arbitrator, who found that Fowler had been discharged without cause, given that he had valid excuses for having been absent from work on both May 10 and 11, 1999. The arbitrator ordered that Fowler be reinstated and awarded him back pay, except for the period from April 4, 2000, when the grievance was withdrawn, until June, 2001, when it was reinstated.

Fowler then brought this action against the UAW, seeking to recover back pay for that period. He set forth a hybrid § 301 action, i.e., an action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Fowler alleged that the UAW

- 2 -

had acted arbitrarily and capriciously by withdrawing the grievance and that he had been dismissed without cause because he had valid excuses for missing the two days which led to his discharge.[1]

After the parties had conducted discovery, the UAW moved for summary judgment, arguing that the evidence failed to raise a genuine issue of material fact on whether it had breached the duty of fair representation owed to Fowler. The district court agreed and granted summary judgment to the UAW. Fowler appeals, arguing that the grant of summary judgment was erroneous, because the evidence raised such an issue of fact.

We review the grant of summary judgment *de novo*. *Schweitzer v. Teamster Local 100*, 413 F.3d 533, 536 (6th Cir.2005). In reviewing the grant of a motion for summary judgment, we must construe the evidence in the manner most favorable to the nonmoving party. *Demski v. U.S. Dept. of Labor*, 419 F.3d 488, 491 (6th Cir. 2005). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[1]A hybrid § 301 action has two elements: "breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union." *Garrison v. Cassens Transport Co.*, 334 F.3d 528, 538 (6th Cir. 2003) (internal quotation marks and citation omitted), *cert. denied*, 540 U.S. 1179 (2004). Herein, the arbitrator concluded that A.G. Simpson had breached the collective bargaining agreement which governed Fowler's employment by discharging him without just cause, given that he had valid excuses for missing work on both May 10th and May 11th. A union will breach its duty of fair representation by, *inter alia*, arbitrarily handling an employee's grievance. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Fowler has not sued A.G. Simpson, his employer. It is, however, of no consequence that he has brought suit against the UAW alone, since an employee in a hybrid § 301 action "may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello v. Teamsters*, 462 U.S. 151, 165 (1983).

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Given that oral argument was waived, and having studied the record and the briefs of the parties, we are not persuaded that the district court erred in granting summary judgment to the Appellee. Given that the district court thoroughly and correctly articulated the reasons why the Appellee is entitled to summary judgment, the issuance of a detailed opinion by this Court would be superfluous and would serve no useful purpose. Accordingly, we affirm the judgment of the district court, based upon the reasoning set forth in its memorandum opinion filed on August 27, 2004.